IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DOUZIA TRAMANE DOWDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02310-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| SHELBY COUNTY SHERIFF'S OFFICE ) | |
| and SHELBY COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

**ORDER TO MODIFY THE DOCKET,
DISMISSING COMPLAINT,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Plaintiff Douzia Tramayne Dowdy, who was a pretrial detainee at the Shelby County Criminal Justice Center ("SCCJC") in Memphis, Tennessee,[1] sued pro se under 42 U.S.C. § 1983 and moved to proceed in forma pauperis. (ECF No. 1; ECF No. 2.) The Court granted leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 4.) The Court DIRECTS the Clerk to record the Defendants as Shelby County Sheriff's Office ("SCSO") and the Shelby County Jail ("Jail").[2]

---

[1] According to Tennessee inmate records available through the Tennessee Department of Correction website, Plaintiff is now a state prisoner, housed at the Bledsoe County Correctional Complex in Pikeville, Tennessee. The Court therefore DIRECTS the Clerk to modify the docket to reflect Plaintiff's current location.

[2] Plaintiff calls this Defendant the "Shelby County Deputy Jail," but there is no such facility. It is clear from the complaint that Plaintiff refers to the Shelby County Jail. The Court DIRECTS the Clerk to modify the name of this Defendant.

## BACKGROUND

Plaintiff alleges that while he was housed at SCCJC, he was bitten by "a venomous spider" on his right forearm while he slept. (ECF No. 1 at PageID 2.) Plaintiff awoke when he was bitten, killed the spider, and told an on-duty officer about the spider. (*Id.*) Plaintiff alleges the SCCJC staff forced him to stay in the same cell where he was bitten without ever spraying for insects or spiders. (*Id.*) SCCJC staff then took Plaintiff for medical treatment four days later and then again four days after that when, he alleges, his bite showed signs of infection that worsened. (*Id.* at PageID 2–3.) Plaintiff states that the infection "still hasn't gone away" and he has had "complications" in his right arm since being bitten. (*Id.* at PageID 3.)

Plaintiff seeks unspecified damages "for the pain and suffering I went through and that I'm still having." (*Id.* at PageID 3.)

## LEGAL STANDARDS

### I. Screening Requirements Under 28 U.S.C. § 1915A

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from that relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and

then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule also of Civil Procedure 8 also provides guidance on this issue.

Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts conducting the screening analysis will give slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.

3

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his complaint to succeed, Plaintiff must satisfy these requirements.

## ANALYSIS

**I.     Plaintiff Does Not State a Claim Against Shelby County**

The SCSO and Jail are not "persons" subject to suit under 42 U.S.C. § 1983. The Court therefore construes Plaintiff's claims as against Shelby County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). When a plaintiff sues a municipality or county under § 1983, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A local government such as a municipality or county is not "liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Municipalities are responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To show municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff here does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County. He therefore fails to state a claim against Shelby County.

## II. Plaintiff Does Not State a Claim Under the Eighth Amendment

At best, Plaintiff's allegations about the spider bite and delayed medical treatment amount to a claim of deliberate indifference to his medical needs. Courts analyze questions of this sort under the Eight Amendment and the Fourteenth Amendment. "The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 539 (6th Cir. 2008)). Like an Eighth Amendment claim, a Fourteenth Amendment claim of deliberate indifference has both an objective and a subjective component. *Id.* To satisfy the objective component, "the detainee must demonstrate the existence of a sufficiently serious medical need." *Id.* (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)). "For the subjective component, the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care." *Id.* at 891 (quoting *Spears*, 589 F.3d at 254). A defendant has a culpable enough state of mind if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Even assuming Plaintiff's spider bite was objectively serious, he does not satisfy the subjective component of an Eight Amendment claim. Plaintiff alleges he received medical treatment four days after he was bitten and has received more treatment since. When a plaintiff has received some medical treatment, "'federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Burgess v.*

*Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Plaintiff does not allege that any Defendant knew of and disregarded his need for medical treatment for the spider bite. At most, Plaintiff alleges negligence, which does not amount to a constitutional violation. *See Farmer*, 511 U.S. at 835–36; *see also Quintana v. Woosley*, No. 4:18-CV-P95-JHM, 2018 WL 3487470, at *3 (W.D. Ky. July 19, 2018) (finding that one-week delay in treatment of pretrial detainee's spider bite constituted negligence at most and did not state Eighth Amendment claim); *Bacchus v. Pinkens*, No. 16-2276-STA-EGB, 2017 WL 2116706, at *4 (W.D. Tenn. May 15, 2017) (same where inmate "had to wait two to three days" for medical attention for spider bite). Plaintiff therefore fails to state a claim of deliberate indifference.

### III. Plaintiff's Request for Injunctive Relief Is Moot

If Plaintiff seeks a transfer, injunctive relief, or outside medical care, his request is moot because he is no longer at SCCJC. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

In short, Plaintiff's complaint fails to state a claim for relief and is therefore dismissed.

### **AMENDMENT UNDER THE PLRA**

There are times when a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam)

("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts need not grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court holds that leave to amend is not warranted here.

## **APPELLATE ISSUES**

The Court must also consider whether an appeal by Plaintiff here would be taken in good faith under 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. For that reason, it is CERTIFIED, under 28 U.S.C. § 1915(a)(3), that any appeal here by Plaintiff would not be taken in good faith. As a result, leave to proceed on appeal in forma pauperis is DENIED.

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in

§ 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). The Court therefore instructs Plaintiff that, if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

For analysis under 28 U.S.C. § 1915(g) of future filings by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## CONCLUSION

For these reasons, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). And leave to amend is DENIED. The Court also CERTIFIES that any appeal here would not be taken in good faith and DENIES Plaintiff leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 21st day of August, 2019.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE